# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUCXESS LLC,<br><br>Plaintiff,<br><br>v.<br><br>VOYAGE AUTO, INC.,<br><br>Defendant | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Sucxess LLC, by and through the undersigned counsel, files this Complaint for Patent Infringement against Defendant Voyage Auto, Inc., and in support states:

## PARTIES

1. Plaintiff Sucxess LLC ("Sucxess") is a limited liability company organized and existing under the laws of the State of Michigan and having a principal place of business in Birmingham, Michigan.

2. Defendant Voyage Auto, Inc. ("Voyage") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Santa Clara, California and a registered agent at Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, Delaware 19904.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant at least because Defendant is a corporation organized under the laws of the State of Delaware.

5. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

6. U.S. Patent No. 9,871,671 (the "'671 Patent") was duly and legally issued on January 16, 2018. A true and correct copy of the '671 Patent is attached as **Exhibit A**.

7. U.S. Patent No. 10,027,505 (the "'505 Patent") was duly and legally issued on July 17, 2018. A true and correct copy of the '505 Patent is attached as **Exhibit B**.

8. The '671 Patent and the '505 Patent (together, the "Patents-in-Suit") are both continuations of U.S. Patent Application 14/846,811, which is in turn a continuation of U.S. Patent Application 11/742,574, which was filed on April 30, 2007.

9. Sucxess is the assignee of all right, title, and interest in the Patents-in-Suit. It has the exclusive right to prosecute the present action for infringement of the Patents-in-Suit.

10. The Patents-in-Suit are valid and enforceable.

11. The Patents-in-Suit disclose a unique and valuable method, apparatus, and system for retrofitting a vehicle having a data bus. Importantly, the inventions disclosed in the patents encompass vehicles retrofitted as autonomous vehicle prototypes.

## COUNT I – INFRINGEMENT OF THE '671 PATENT

12. Plaintiff restates and incorporates by reference the foregoing allegations.

13. Defendant has infringed and, on information and belief, is now infringing, literally or under the doctrine of equivalents, some or all claims of the '671 Patent by making, using, offering to sell, or selling in the United States, or importing into the United States, one or more Ford Fusion automobiles retrofitted with an ADAS (Advanced Driver Assistance Systems)

kit made by Dataspeed Inc. (the "Accused Ford Vehicles") and, on information and belief, one or more Chrysler Pacifica automobiles retrofitted with a DBW (Drive-By-Wire) kit made by New Eagle LLC (the "Accused Chrysler Vehicles"). (The Accused Ford Vehicles and the Accused Chrysler Vehicles are collectively referred to herein as the Accused Vehicles.")

14. For example, claim 1 of the '671 Patent is infringed as follows:

a. The method in claim 1 comprises "providing a vehicle having a factory-installed first apparatus including a processor, programmed to communicate with a factory-installed second apparatus through a vehicle data bus with a first message having an identifier."

i. To assemble an Accused Ford Vehicle, Voyage obtains and retrofits a Ford Fusion with the Active Park Assist option, which comes equipped with various factory-installed apparatuses, such as PAM (park assist module), PSCM (power steering control module), PCM (powertrain control module), IPC (instrument panel cluster), GWM (gateway module), GSM (gearshift module), and TRCM (transmission range control module). Each such apparatus includes a processor, which is programmed to communicate messages having CAN identifiers through a data bus (HS-CAN1 and/or HS-CAN2 and/or HS-CAN3) in the following exemplary combinations:

| First Apparatus | Second Apparatus | First Message |
|---|---|---|
| PSCM | PAM | Active park assist steering activation request |
| PSCM | GWM | Vehicle Speed |
| GMW | PSCM | Parking aid angle control status |
| GWM | PAM | Parking aid status |
| PAM | GWM | Parking aid angle control status |
| PAM, GWM | PCM | Vehicle Speed |
| IPC | GWM | Parking aid status |

| TRCM, GWM | GSM | Gear button data |
| GSM, GWM | TRCM | Gear confirmation |

    ii. To assemble an Accused Chrysler Vehicle, Voyage obtains and retrofits a Chrysler Pacifica, which comes equipped with various factory-installed apparatuses, such as ABS (antilock brake system module), PAM (park assist module), EPS (electronic power steering), PCM (powertrain control module), IPC (instrument panel cluster), HCP (hybrid control processor), ESM (electronic shift module), PIM (Power Inverter Module), SCCM (Steering Column Control Module), and TCM (transmission control module). Each such apparatus includes a processor, which is programmed to communicate messages having CAN identifiers through a data bus (CAN-C and/or CAN-C eShift and/or CAN-C ePT). These messages include shift request messages sent from the ESM to the PIM and TCM, steering wheel angle messages sent from the SCCM to the EPS, vehicle speed messages, brake command messages sent to the ABS, and acceleration messages sent to the PCM.

    b. The method in claim 1 further comprises "electrically disconnecting the vehicle data bus between the factory-installed first apparatus and the factory installed second apparatus." During a retrofit of an Accused Ford Vehicle or, on information and belief, an Accused Chrysler Vehicle, Voyage disconnects the vehicle data bus between the factory-installed first and second apparatuses, such as those identified above. On information and belief, Voyage accomplishes this by, for example, removing a connector between the apparatuses.

    c. The method in claim 1 further comprises "adding a second data bus to the vehicle." During a retrofit of an Accused Ford Vehicle or, on information and belief, an Accused Chrysler Vehicle, Voyage installs additional jumper harnesses in the vehicle.

    d. The method in claim 1 further comprises "electrically connecting a retrofit apparatus to the vehicle data bus and to the second data bus."

        i.      During a retrofit of an Accused Ford Vehicle, Voyage installs a "throttle and brake by-wire controller module" and a "steering and shifting by-wire controller module," which are retrofit apparatuses connected to the vehicle data bus and second data bus.

        ii.      During a retrofit of an Accused Chrysler Vehicle, Voyage, on information and belief, installs a DBW VCU (drive by wire vehicle control unit), which is a retrofit apparatus connected to the vehicle data bus and second data bus.

    e.      The method in claim 1 further comprises "electrically connecting the factory-installed first apparatus to the second data bus." During a retrofit of an Accused Ford Vehicle or, on information and belief, an Accused Chrysler Vehicle, Voyage connects the factory-installed first apparatus to the newly added jumper harness.

    f.      Finally, the method in claim 1 comprises "transmitting a second message from the retrofit apparatus to the factory-installed first apparatus through the second data bus, the second message being indistinguishable from the first message." The retrofit apparatuses installed and used by Voyage each transmits a second message to the factory-installed first apparatus in the manner described in the claim.

        i.      The Accused Ford Vehicles use, for example, a by-wire interface, which modifies the steering and shifting signals to cause factory-installed systems, including TRCM and PSCM, to operate the vehicle without a human driver.

        ii.      On information and belief, the Accused Chrysler Vehicles use, for example, modified steering and shifting signals to cause factory-installed systems, including EPS, ABS and TCM, to operate the vehicle without a human driver.

  15.    To take another example, claim 6 of the '671 Patent is infringed as follows:

  a. The apparatus in claim 6 comprises "a factory-installed first apparatus including a first processor which is programmed to receive a first message on a vehicle data bus from a factory-installed second apparatus."

  i. The Accused Ford Vehicles have a factory-installed first apparatus, which is programmed to receive a first message on a vehicle data bus from a factory-installed second apparatus. Exemplary combinations include the following PSCM input messages:

| First Message | Second Apparatus | Message Purpose |
|---|---|---|
| Active park assist steering activation request | PAM | Request the PSCM to allow the PAM to take control of the steering angle |
| Vehicle speed | PCM | Disables the active park assist if vehicle speed is too high during a maneuver |

  ii. The Accused Chrysler Vehicles have a factory-installed first apparatus, which is programmed to receive a first message on a vehicle data bus from a factory-installed second apparatus. Examples of such a first message include shift request messages sent from the ESM to the PIM and TCM, steering wheel angle messages sent from the SCCM to the EPS, vehicle speed messages, brake command messages sent to the ABS, and acceleration messages sent to the PCM.

  b. The apparatus in claim 6 further comprises "a retrofit apparatus connected to the vehicle data bus including a second processor programmed to transmit a second message which mimics the first message through a second data bus."

  i. The Accused Ford Vehicles have a "steering and shifting by-wire controller module," a retrofit apparatus that has been connected to the vehicle data bus (HS-CAN1 and/or HS-CAN2). There is additional wiring to connect this apparatus, including wiring that forms a second data bus. The "steering and shifting by-wire controller module" includes a

second processor that is programmed to transmit a second message that mimics the first message through a second data bus.

    ii. On information and belief, the Accused Chrysler Vehicles have a "DBW VCU," a retrofit apparatus that has been connected to the vehicle data bus (CAN-C and/or CAN-C eShift and/or CAN-C ePT). There is additional wiring to connect this apparatus, including wiring that forms a second data bus. The "DBW VCU" includes a second processor that is programmed to transmit a second message that mimics the first message through a second data bus.

16. As a result of Defendant's infringement of the '671 Patent, Plaintiff has suffered damages.

17. Plaintiff is therefore entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

18. Defendant has been aware of the '671 Patent and its infringement of the '671 Patent since no later than March 21, 2018, when Sucxess sent a communication identifying the patent and its allegation of infringement.

19. Despite Defendant's knowledge of the '671 Patent and its infringement, Defendant has, on information and belief, continued to infringe the '671 Patent. Accordingly, Defendant's infringement has been and is willful, thus entitling Plaintiff to enhanced (treble) damages.

## COUNT II – INFRINGEMENT OF THE '505 PATENT

20. Plaintiff restates and incorporates by reference the foregoing allegations.

21. Defendant has infringed and, on information and belief, is now infringing, literally or under the doctrine of equivalents, some or all claims of the '505 Patent by making, using, offering to sell, or selling in the United States, or importing into the United States, one or more automobiles retrofitted with an ADAS kit made by Dataspeed Inc. and, on information and belief, one or more automobiles retrofitted with a DBW kit made by New Eagle LLC.

22. For example, claim 1 of the '505 Patent is infringed as follows:

a. The method in claim 1 comprises "providing a vehicle having a factory-installed first apparatus including a processor, programmed to communicate with a factory-installed second apparatus through a vehicle data bus with a first message having an identifier."

i. To assemble an Accused Ford Vehicle, Voyage obtains and retrofits a Ford Fusion with the Active Park Assist option, which comes equipped with various factory-installed apparatuses, such as PAM (park assist module), PSCM (power steering control module), PCM (powertrain control module), IPC (instrument panel cluster), GWM (gateway module), GSM (gearshift module), and TRCM (transmission range control module). Each such apparatus includes a processor, which is programmed to communicate messages having CAN identifiers through a data bus (HS-CAN1 and/or HS-CAN2 and/or HS-CAN3) in the following exemplary combinations:

| First Apparatus | Second Apparatus | First Message |
|---|---|---|
| PSCM | PAM | Active park assist steering activation request |
| PSCM | GWM | Vehicle Speed |
| GMW | PSCM | Parking aid angle control status |
| GWM | PAM | Parking aid status |
| PAM | GWM | Parking aid angle control status |
| PAM, GWM | PCM | Vehicle Speed |

| IPC | GWM | Parking aid status |
| --- | --- | --- |
| TRCM, GWM | GSM | Gear button data |
| GSM, GWM | TRCM | Gear confirmation |

    ii.  To assemble an Accused Chrysler Vehicle, Voyage obtains and retrofits a Chrysler Pacifica, which comes equipped with various factory-installed apparatuses, such as ABS (antilock brake system module), PAM (park assist module), EPS (electronic power steering), PCM (powertrain control module), IPC (instrument panel cluster), HCP (hybrid control processor), ESM (electronic shift module), PIM (Power Inverter Module), SCCM (Steering Column Control Module), and TCM (transmission control module). Each such apparatus includes a processor, which is programmed to communicate messages having CAN identifiers through a data bus (CAN-C and/or CAN-C eShift and/or CAN-C ePT). These messages include shift request messages sent from the ESM to the PIM and TCM, steering wheel angle messages sent from the SCCM to the EPS, vehicle speed messages, brake command messages sent to the ABS, and acceleration messages sent to the PCM.

    b.  The method in claim 1 further comprises "electrically disconnecting the vehicle data bus between the factory-installed first apparatus and the factory installed second apparatus." During a retrofit of an Accused Ford Vehicle or, on information and belief, an Accused Chrysler Vehicle, Voyage disconnects the vehicle data bus between the factory-installed first and second apparatuses, such as those identified above. On information and belief, Voyage accomplishes this by, for example, removing a connector between the apparatuses.

    c.  The method in claim 1 further comprises "electrically connecting a retrofit apparatus to the vehicle data bus and to the second data bus."

      i. During a retrofit of an Accused Ford Vehicle, Voyage installs a "throttle and brake by-wire controller module" and a "steering and shifting by-wire controller module," which are retrofit apparatuses connected to the vehicle data bus.

      ii. During a retrofit of an Accused Chrysler Vehicle, Voyage, on information and belief, installs a DBW VCU (drive by wire vehicle control unit), which is a retrofit apparatus connected to the vehicle data bus.

    d. Finally, the method in claim 1 comprises "transmitting a second message from the retrofit apparatus to the factory-installed first apparatus, the second message being indistinguishable from the first message." The retrofit apparatuses installed and used by Voyage each transmits a second message to the factory-installed first apparatus in the manner described in the claim.

      i. The Accused Ford Vehicles use, for example, a by-wire interface, which modifies the steering and shifting signals to cause factory-installed systems, including TRCM and PSCM, to operate the vehicle without a human driver.

      ii. On information and belief, the Accused Chrysler Vehicles use, for example, modified steering and shifting signals to cause factory-installed systems, including EPS, ABS and TCM, to operate the vehicle without a human driver.

  23. To take another example, claim 6 of the '505 Patent is infringed as follows:

    a. The apparatus in claim 6 comprises "a factory-installed first apparatus including a first processor which is programmed to receive a first message on a vehicle data bus from a factory-installed second apparatus."

      i.  The Accused Ford Vehicles have a factory-installed first apparatus, which is programmed to receive a first message on a vehicle data bus from a factory-installed second apparatus. Exemplary combinations include the following PSCM input messages:

| First Message | Second Apparatus | Message Purpose |
|---|---|---|
| Active park assist steering activation request | PAM | Request the PSCM to allow the PAM to take control of the steering angle |
| Vehicle speed | PCM | Disables the active park assist if vehicle speed is too high during a maneuver |

      ii.  The Accused Chrysler Vehicles have a factory-installed first apparatus, which is programmed to receive a first message on a vehicle data bus from a factory-installed second apparatus. Examples of such a first message include shift request messages sent from the ESM to the PIM and TCM, steering wheel angle messages sent from the SCCM to the EPS, vehicle speed messages, brake command messages sent to the ABS, and acceleration messages sent to the PCM.

    b.  The apparatus in claim 6 further comprises "a retrofit apparatus connected to the vehicle data bus including a second processor programmed to transmit a second message which mimics the first message through a second data bus."

      i.  The Accused Ford Vehicles have a "steering and shifting by-wire controller module," a retrofit apparatus that has been connected to the vehicle data bus (HS-CAN1 and/or HS-CAN2). There is additional wiring to connect this apparatus, including wiring that forms a second data bus. The "steering and shifting by-wire controller module" includes a second processor that is programmed to transmit a second message that mimics the first message through a second data bus.

      ii.  On information and belief, the Accused Chrysler Vehicles have a "DBW VCU," a retrofit apparatus that has been connected to the vehicle data bus (CAN-C and/or CAN-C eShift and/or CAN-C ePT). There is additional wiring to connect this apparatus, including wiring that forms a second data bus. The "DBW VCU" includes a second processor that is programmed to transmit a second message that mimics the first message through a second data bus.

24. As a result of Defendant's infringement of the '505 Patent, Plaintiff has suffered damages.

25. Plaintiff is therefore entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

26. Defendant has been aware of the '505 Patent and its infringement of the '505 Patent since no later than March 21, 2018, when Sucxess sent a letter identifying the patent and setting forth its infringement allegations.

27. Despite Defendant's knowledge of the '505 Patent and its infringement, Defendant has, on information and belief, continued to infringe the '505 Patent. Accordingly, Defendant's infringement has been and is willful, thus entitling Plaintiff to enhanced (treble) damages.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff Sucxess LLC respectfully requests that the Court find in its favor and against Defendant Voyage Auto, Inc., and that the Court grant Plaintiff the following relief:

A. an adjudication that Defendant has infringed the '671 and '505 Patents;

B. an award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '671 and '505 Patents and any continuing infringement through the date such judgment is entered, including pre-judgment and post-judgment interest, costs, expenses, and an accounting of all infringing acts;

C. an order requiring Defendant to pay a royalty for any continued infringement after the date judgment is entered;

D. an award of treble damages under 35 U.S.C. § 284;

E. injunctive relief to which Plaintiff may be entitled; and

F. any and all such further relief at law or in equity that the Court may deem just and proper, including but not limited to attorneys' fees.

Dated:  April 11, 2019                                   Respectfully submitted,

*Of Counsel*:

                                                          */s/ George Pazuniak*
Maxwell Goss                                              George Pazuniak (DE Bar 478)
Maxwell Goss, PLLC                                        O'Kelly Ernst & Joyce, LLC
370 E. Maple Road, Third Floor                            901 N. Market St.
Birmingham, Michigan 48009                                Suite 1000
Office: (248) 266-5879                                    Wilmington, DE 19801
max@maxwellgoss.com                                       Tel: 302-478-4230
                                                          Email: GP@del-iplaw.com


***Attorneys for Plaintiff***